JOHN A. GANO, ET AL., *v.* CITY OF COVINGTON, ET AL.

Construction of Deeds of Conveyance.

In construing deeds regard must be had to their language, the situation of the land, and other circumstances surrounding the parties and the land conveyed.

APPEAL FROM KENTON. CHANCERY COURT.

March 20, 1880.

OPINION BY JUDGE COFER :

A one-third interest in the land now in contest descended to the appellants from their father, R. M. Gano, and it devolves upon the appellees to show that they have been divested of the title thus acquired.

There is no question here as to the right of the city. The chancellor adjudged against the city. From that judgment no appeal is prosecuted. The sole question is between the appellants and those claiming under their deeds of January 13, 1823. If the appellants by those deeds conveyed to Bakewell, Page & Bakewell their interest in the cemetery the judgment must be affirmed; if they did not it must be reversed. The question depends solely upon the proper construction of the deeds. In construing them regard must be had to their language and to the situation of the land, and other circumstances calculated to show whether it was the intention of the parties to embrace the cemetery in those deeds.

At the time the deeds were made it was being used as a place for the interment of the dead of the then town of Covington. It lies in the extreme southwest corner of the 200 acres conveyed by Kennedy to R. M. and J. S. Gano and Corneal. January 11, 1823, two days before the date of the deeds to Bakewell, Page & Bakewell, the appellants, or those from or through whom they derive title, conveyed to Porter 50 acres out of the 200-acre tract lying north and east of the cemetery. This tract separated the cemetery from the land conveyed two days later to Bakewell, Page & Bakewell.

In the deed to Porter they expressly reserved the cemetery. In the deed to Bakewell, Page & Bakewell they make no mention of it. It was separated from the body of the land embraced by those deeds by the tract conveyed to Porter, and had it been intended to convey to them the interest in the cemetery it would have been most natural to have said so in express words, rather than to leave the matter to construction.

It is not at all probable that either party had any thought of including the cemetery, or that the grantors, after having expressly reserved it out of the deed to Porter, intended to convey it by the deeds made two days later to land separated from it by an interven-

ing tract. This construction not only seems to be reasonable in view of the facts and circumstances already adverted to, but is fortified by the fact that in the subsequent partition between Bakewell, Page & Bakewell, and the heirs of John S. Gano, no account was taken of the cemetery.

We are therefore of the opinion that the appellants never parted with their one-third interest in the land in contest, and that the court erred in failing to adjudge it to them.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion.

*William Lindsay, T. F. Hallam, J. G. Carlisle, for appellants.*
*Benton & Benton, for appellees.*